BERKSHIRE WOOLLEN COMPANY *vs.* HORACE H. DAY.

A submission under a rule of court, may, by agreement, comprehend other matters in controversy between the parties, not embraced in the action.

Several actions for a nuisance, occasioned by the defendant's dam, were referred under a rule of court, accompanied with an agreement that the referees might assess the damages, since the date of the last writ, and prior to the first action; and decide how much, if any, the dam should be cut down, and that the same should be done " under their direction." The award assessed the whole damages and fixed the height of the dam. *Held*, that the award should be accepted, and that judgment should be entered for the abatement of so much of the dam as the award found to be a nuisance ; and that the abatement need not be made under the supervision of the referees, but by the sheriff in the usual way.

THIS was an action on the case for a nuisance, alleged to have been occasioned by the defendant's maintaining his dam on the Housatonic river at such a height, as to cause the waters of the river to flow back against the plaintiffs' mills. This case, and several others, brought for maintaining the same nuisance at different periods of time, were referred by rule of court in common form to referees, who made awards in favor of the plaintiffs, and returned the same into court. On the coming in of the awards, this case was recommitted to them under an agreement signed by the attorneys of the parties, and expressed in the following terms : " The case is to be referred, together with all claims of the plaintiffs against the defendant, for maintaining his dam, subsequent to the date of the writ, and prior to the first action. The referees shall have power to take down the defendant's dam, wholly or in part, as they may think fit ; and to make any other experiments which they may think fit, for the purpose of ascertaining whether or not the plaintiffs have any cause of action against the defendant, and the amount of damages, if any. They shall also decide whether the defendant's dam shall be cut down, wholly or in part, and fix the height at which it shall be maintained, if it may be maintained at all, and whatever they decide shall be done under their direction. The costs of the hearing which has already been had, and which

accrued subsequent to the refusal of the defendant to permit his dam to be taken down, shall be paid by the defendant, and are to be assessed by the referees."

The referees made their award accordingly, assessing the amount of damages, including damages subsequent to the date of the writ, and costs, and fixing the height at which the defendant might maintain his dam. The plaintiffs now moved for judgment on the award, for the amount of the damages and costs assessed; and that the part of the defendant's dam above the line fixed by the referees be abated, according to the provisions of the Rev. Sts. *c.* 106.

*J. Rockwell,* (with whom was *G. N. Briggs,*) for the plaintiffs.

*I. Sumner & C. N. Emerson,* for the defendant. 1. A submission under a rule of court cannot include matters not in issue in the action referred. The recommitment in this case was in effect a submission at common law, and the court therefore have no jurisdiction to enforce the award.

2. These referees were not only to decide what was to be abated, but were to abate it accordingly. The agreement recommitting the award provided that the abatement should be made " under their direction." This condition not having been performed, the award cannot be enforced. *Commonwealth* v. *Pejepscut Proprietors,* 7 Mass. 399, 413. The award should have been recommitted again to the referees, to finish the duties imposed upon them. Besides ; the words " under their direction " vest a discretion in the referees, which cannot be exercised by the sheriff under an order of court. If the whole of the defendant's dam was found by the referees to be a nuisance, perhaps it might be abated by the sheriff. But here only part of the structure is found to be a nuisance, and the sheriff cannot, under the statute, abate part of the structure, without abating the whole. The plaintiffs' only remedy, if any, upon the award as it now stands, is in equity.

SHAW, C. J.[*] The first question is, whether a submission

---

[*] MERRICK, J., did not sit in this case, having been one of the referees.

under a rule of court, of an action pending, can comprehend other matters in controversy between the parties, not embraced in the action, and we are of opinion that it can; *Commonwealth* v. *Pejepscut Proprietors*, 7 Mass. 399, 417; and that an award, assessing damages on all the claims referred, may be enforced by the court. One judgment is rendered by the arbitrators, and is affirmed or rejected by the court. It takes effect from the agreement of the parties in the submission, comprehended in and sanctioned by the rule of court, and confirmed by the judgment of the court.

Then, as to the agreement that the referees might fix the height of the dam. The effect of the award of the referees on this point is, to make a part of the dam a nuisance; and their award is as good a basis for a judgment to abate it, as the verdict of a jury. The court are all of opinion that they have power to carry this judgment into effect. It is said that the only thing which the sheriff could do, would be to abate the whole dam; but this is not so; the nuisance is only that part of the dam above the line fixed by the referees, and the sheriff can abate the whole nuisance, being down to that line. Now what does " under their direction " mean? If we are right in our view of the nature of this award, it is not complete, and cannot be executed, until after it has been accepted by the court. " Direction " means general instructions as to the manner of doing it. If they have given general directions, which can be executed by any person skilled in such matters, then they have conformed to the terms of the submission. The parties can hardly have intended that the referees should execute the award, after its acceptance by the court. But if they did, that power is superadded, to be exercised after the award is accepted, and cannot affect the judgment of acceptance. We are inclined to the opinion that this is not a case, in which the plaintiff is entitled to judgment of abatement, as of right, under sect. 4 of Rev. Sts. *c.* 106; for although there were several actions, no judgment had been rendered in either, before any one of the others was brought. The purpose of the 106th chapter of the revised statutes is, to give the plaintiff the same remedy at

law, which he might otherwise obtain, less summarily, in equity.

*Award accepted, and judgment thereon for the plaintiff, and that a warrant issue after the expiration of six months for the abatement of that part of the dam found by the award of the referees to be a nuisance.*